```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                                  Chapter 11

JEM CARTING GROUP CORP.,                                Case No. 13-11935 (BRL)

                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                                  Chapter 11

JEM SANITATION CORP.,                                   Case No. 13-11936 (BRL)

                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Upon the motion (the "Motion") of JEM Carting Group Corp. ("JEM Carting") and JEM Sanitation Corp. ("JEM Sanitation"), the above-captioned Chapter 11 debtors and debtors-in-possession (together, the "Debtors"), by and through their proposed counsel, Nachamie Spizz Cohen & Serchuk, P.C., seeking the issuance and entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only, as more fully set forth in the Motion; and upon consideration of the Affidavit of Kenneth J. Santo pursuant to SDNY Local Bankruptcy Rule 1007-2; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and their estates; and due notice of the Motion having been given to the Office of the United States Trustee; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is hereby granted; and it is further

**ORDERED,** that the above-captioned Chapter 11 cases are hereby consolidated for procedural purposes only and shall be administered jointly under Case No. 13-11936 (BRL) in accordance with Bankruptcy Rule 1015(b); and it is further

**ORDERED**, that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of the above-captioned cases; and it is further

**ORDERED**, that the caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| In re: | : | Chapter 11 |
|---|---|---|
| **JEM SANITATION CORP., <u>et</u> <u>al</u>.,** | : | Case No. 13-11936 (BRL) (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

; and it is further

**ORDERED**, that an entry shall be made on the docket of each of the above-captioned cases substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of JEM Carting Group Corp. and JEM Sanitation Corp. The docket in the chapter 11 case of JEM Sanitation Corp., Case No. 13-11936 (BRL) should be consulted for all matters affecting this case."

; and it is further

**ORDERED**, that the Debtors shall be permitted to file their monthly operating reports required by the Guidelines on a consolidated basis, <u>provided</u>, however, that disbursements are reported by each of the Debtors separately; and it is further

**ORDERED**, that the Debtors shall be permitted, for purposes of the list of 20 largest

2

unsecured creditors (excluding insiders) required to be filed pursuant to Bankruptcy Rule 1007(d), to file a list of the largest 20 unsecured creditors on a consolidated basis and to use that list for noticing purposes where service must be made upon the creditors on the list filed pursuant to Bankruptcy Rule 1007(d); and it is further

**ORDERED,** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

**ORDERED**, that the requirement of Local Bankruptcy Rule 9013-1(a) that a motion must specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief either in the motion or in a separate memorandum of law, is satisfied.

Dated: New York, New York
      June 13, 2013

                                /s/Burton R. Lifland
                                UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

OFFICE OF THE UNITED STATES TRUSTEE

By: /s/Greg M. Zipes

Dated:  New York, New York
       June 13, 2013